UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Raymond McMichael,

    Petitioner,                         Civil Case No. 13-13891
                                        Criminal Case No. 04-50074
v.

United States of America,         Honorable Sean F. Cox

    Respondent.
_____/

**OPINION & ORDER
DENYING MOTION TO VACATE SENTENCE
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This matter is currently before the Court on a Motion to Vacate Sentence, brought pursuant to 28 U.S.C. § 2255, filed by Petitioner Raymond McMichael ("McMichael"). For the reasons set forth below, the Court shall deny the motion and shall decline to issue a certificate of appealability.

**BACKGROUND**

McMichael pleaded guilty to one count of conspiring to manufacture and distribute marijuana. This Court imposed a 204-month sentence, which was affirmed on direct appeal. *See United States v. McMichael*, 377 F. App'x. 529 (6th Cir. May 17, 2010).

Thereafter, McMichael filed a *pro se* motion seeking to vacate his sentence pursuant to 28 U.S.C. § 2255. McMichael's § 2255 Motion, as supplemented, raised ineffective assistance of counsel claims and a claim that his sentence was unconstitutional "because the sentencing court was without subject matter jurisdiction to impose the enhanced 20-year mandatory minimum sentence under 21 U.S.C. § 851 where McMichael's prior marijuana conviction was

1

based on 26 U.S.C. §4744(a) that was held unconstitutional by the federal courts and Repealed by an act of Congress." (Docket Entry No. 205 at 2).

This Court scheduled an evidentiary hearing on the motion and appointed counsel for McMichael, attorney Richard Ginsberg. (*See* Docket Entry Nos. 202 & 203).

The Court did not proceed with the evidentiary hearing, however, because the Government and McMichael agreed that "the expungement of his prior drug conviction in Texas requires that he be re-sentenced on his conviction here, without the sentencing enhancements that had been imposed based on that prior sentence." (Stipulation to Grant Motion to Vacate Sentence, and to Schedule Re-Sentencing, Docket Entry No. 209). As part of that stipulation, McMichael withdrew with prejudice his remaining claims based upon ineffective assistance of counsel. (*Id*. at ¶ 4).

McMichael's re-sentencing was scheduled for January 4, 2012. Prior to re-sentencing, McMichael's counsel filed a Sentencing Memorandum with the Court (Docket Entry No. 211). In it, Mr. Ginsberg argued that because the Government had moved for a downward departure at the time of his original sentencing, it should not be allowed to withdraw that request at McMichael's re-sentencing. Mr. Ginsberg argued that McMichael's "resentencing should commence with arguments concerning what would be an appropriate sentence based on the sentencing guidelines and the 3553 factors." (*Id*. at 5). The Sentencing Memorandum also stated: "[i]t should be noted that this Court did not order the preparation of a new presentence report or a revisiting of the scoring of the sentencing guidelines," but did order "an update to inform the Court of Mr. Michael's conduct subsequent to his" re-sentencing. (*Id*. at 5).

Prior to McMichael's re-sentencing, this Court was provided with a written "Supervision

2

Report" regarding McMichael that stated:

> **Post-Sentencing Conduct – § 1B1.10, Application Note 1 (B)(iii)**
>
> According to the United States Bureau of Prisons (BOP) progress report dated November 11, 2011, the defendant is presently lodged at Milan Federal Correctional Institution (FCI) in Milan, Michigan.  The defendant's current work detail is working on the gate pass construction site.  He consistently receives outstanding work reports on the construction site detail.  He is a journeyman pipefitter and does the electrical and plumbing installation, maintenance, and repair work.  In addition, MCMICHAEL continues to avail himself to recommended training sessions offered by the BOP. The defendant is not presently participating in any substance abuse treatment programs.  It has been recommended by staff at the BOP that MCMICHAEL attend a substance abuse treatment program prior to his release.  The defendant is presently participating in the Inmate Financial Responsibility Program, and pays $25.00 quarterly toward the fine balance.
>
> MCMICHAEL has two disciplinary sanctions on file.  In 2006, he received a sanction for refusing to obey an order and his phone and community passes were suspended. In April of 2008, he received a sanction for being in an unauthorized area, and his visitation time was suspended.  The defendant has not involved himself with any further misconduct since 2008.
>
> According to the BOP, the defendant's current release date is set for September 15, 2019.

(Docket Entry No. 225 at Pg ID 1661-1662).

This Court re-sentenced McMichael on January 4, 2012, and imposed a term of imprisonment of 150 months.  (*See* 1/13/12 Amended Judgment).  Thus, his sentence was reduced by 54 months.

This Court gave McMichael the opportunity to address the Court at his sentencing. While McMichael exercised his opportunity to address the Court, he did not make any reference to his work history or drug treatment while incarcerated.

On January 17, 2012, McMichael filed a Notice of Appeal, appealing the 150-month

3

sentence this Court imposed at his re-sentencing hearing. (Docket Entry No. 212). On appeal, McMichael argued that: 1) this court erred at resentencing by declining to reapply a downward departure based on substantial assistance; 2) his sentence should be set aside for prosecutorial and judicial vindictiveness; and 3) his new sentence is procedurally and substantively unreasonable. The Sixth Circuit rejected all of those arguments and affirmed McMichael's new sentence. *United States v. McMichael*, Case No. 12-1072 (6th Cir. May 9, 2013). The Mandate issued on May 31, 2013. (Docket Entry No. 219).

On August 30, 2013, McMichael filed another motion under 28 U.S.C. § 2255. (Docket Entry No. 220). The Government filed its response to the motion (Docket Entry No. 225) and McMichael filed a reply brief. (Docket Entry No. 226). Thus, the motion has been fully briefed by the parties.

## ANALYSIS

McMichael's current § 2255 Motion raises just one claim, a claim that his counsel provided ineffective assistance of counsel at his resentencing:

> At re-sentencing counsel was ineffective for failing to request a downward departure based on post-sentencing rehabilitation efforts while incarcerated at Federal Correctional Institution at Milan Michigan.
>
> The records and transcripts clearly show that my appointed counsel Richard B. Ginsberg did not request that I be given a downward departure based on my post-sentencing rehabilitation efforts since my first sentencing and incarceration in June 2008. Based on Mr. Ginsberg's failure to request a downward departure on post-sentencing rehabilitation efforts the sentencing court did not consider such a downward departure.
>
> Prior to re-sentencing I told Mr. Ginsberg I had successfully completed the 40 hour drug program and was enrolled in the Residential 500 hours Drug Program and awaiting placement (at the present time I am in the process of completing the

> Residential Drug Program). I also advised Mr. Ginsberg that due to my work efforts and clear conduct with in the Bureau of Prisons (BOP), the BOP had awarded me a custody reduction to Community Custody and assigned me to Gate Pass Status that allowes [sic] me to live in preferred houseing [sic] and work outside of the prison to work unsupervised on the prison grounds and I am considered a trusted Inmate. I have been assigned to Gate Pass and working outside the prison fences for over three years. I have been and continue to attend counseling sessions. I made Mr. Ginsberg aware of my post-sentencing efforts and accomplishments prior to resentencing and he ignored what I had told him concerning my efforts to rehabilitate myself.

(§ 2255 motion at 4). Thus, McMichael contends that his counsel was ineffective at his resentencing because he did not ask this Court for a downward variance based on two categories of post-sentencing rehabilitation: 1) his work history in prison; and 2) his having completed drug treatment in prison.

"To prevail on his claim of ineffective assistance of counsel at [re-]sentencing," McMichael must show both that: 1) his counsel's performance was objectively deficient; and 2) the deficient performance prejudiced Defendant. *Hodges v. Colson*, 727 F.3d 517, 541-42 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Broom v. Mitchell*, 441 F.3d 392, 408 (6th Cir. 2006). "With respect to performance, 'counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment.'" *Hodges*, 727 F.3d at 542 (internal citation omitted).

When a defendant's original sentence has been set aside, a district court at resentencing "may consider evidence of the defendant's post-sentencing rehabilitation," and such evidence "may, in appropriate cases, support a downward variance" from the applicable guidelines range.

5

*Pepper v. United States*, 131 S.Ct. 1229,1236 (2011). At the resentencing in this case, Mr. Ginsberg did not seek a downward variance based upon McMichael's post-sentencing rehabilitation efforts.

Although this Court has the discretion to hold an evidentiary hearing to ascertain whether defense counsel's decision not to seek such a downward variance was motivated by sound strategy (*see United States v. Robinson,* 357 F. App'x. 677, 684 (6th Cir. 2009)), this Court concludes that an evidentiary would not aid the Court, given that Mr. Ginsberg is now deceased.

Moreover, even if McMichael could establish that Mr. Ginsberg's failure to request a downward departure based on post-sentencing rehabilitation efforts while incarcerated was deficient, he cannot establish the prejudice prong of the *Strickland* test. To satisfy the prejudice prong, a petitioner must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Broom*, 441 F.3d at 410.

"[T]o establish prejudice, the new evidence that a habeas petitioner presents must differ in a substantial way – in strength and subject matter – from the evidence actually presented at sentencing." *Clark v. Mitchell*, 425 F.3d 270, 286 (6th Cir. 2005); *Broom*, 441 F.3d at 410.

"[T]here is no prejudice when the new mitigating evidence 'would barely have altered the sentencing profile presented' to the decisionmaker." *Sears v. Upton*, __ U.S. __, 130 S. Ct. 3259, 3266, 177 L.Ed.2d 1025 (2010). That is precisely the situation here.

Although Mr. Ginsberg did not formally make a motion for downward variance based upon McMichael's post-sentencing rehabilitation, he did direct the Court's attention to the issue

in his Sentencing Memorandum.

And this Court was well aware of its discretion to consider McMichael's post-sentencing rehabilitation efforts upon resentencing McMichael. Indeed, that is the reason why this Court ordered, prior to his resentencing, a written report informing the Court of McMichael's post-sentencing conduct.

That report informed this Court of McMichael's positive work performance while in prison and this Court took that into consideration, as part of its consideration of the § 3553 factors, in determining the appropriate sentence at McMichael's resentencing.

Thus, the only "new" evidence of McMichael's post-sentencing rehabilitation relates to his having received drug treatment while incarcerated at Milan. But such evidence would not have changed the sentence imposed by this Court. (*See* Tr. of Resentencing, Docket Entry No. 217, at 37) (wherein this Court stated "as I noted at the time of the original sentence, the Court wishes Mr. McMichael to complete a comprehensive drug treatment program, *if he hasn't already*.") (emphasis added).

Accordingly, because McMichael cannot establish the prejudice prong of the *Strickland* test, the Court shall DENY his § 2255 motion.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that McMichael's § 2255 Motion is **DENIED.**

A certificate of appealability must issue before a petitioner such as McMichael may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b).

7

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). As the Court has stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

After careful consideration, the Court concludes that reasonable jurists would not find the Court's assessment of McMichael's ineffective assistance of counsel claim to be debatable or wrong. The Court therefore **DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY.**

**IT IS SO ORDERED**.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: February 13, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Raymond McMichael,

    Petitioner,                         Civil Case No. 13-13891
                                         Criminal Case No. 04-50074

v.

United States of America,           Honorable Sean F. Cox

    Respondent.
_____/

PROOF OF SERVICE

I hereby certify that on February 13, 2014, the foregoing document was served upon counsel of record by electronic means and upon Raymond McMichael by First Class Mail at the address below:

Raymond Ralph McMichael
39177039
Milan Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Milan, MI 48160

Dated: February 13, 2014                   s/ J. McCoy
                                                         Case Manager